**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Valentin LOPEZ–ALVAREZ,**
**Defendant–Appellant.**

No. 06–41708
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Valentin Lopez–Alvarez raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998),

which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *petition for cert. filed* (Aug. 28, 2007) (No. 07–6202).

Lopez–Alvarez also requests a remand to the district court for the limited purpose of correcting the judgment under FED. R.CRIM.P. 36 to reflect that he pleaded guilty to *attempted* illegal reentry into the United States. The Government joins in Lopez–Alvarez's request that we remand for correction of the clerical error. The Government's motion for summary affirmance is granted, and the judgment of the district court is affirmed. We remand to the district court with an instruction to correct the judgment pursuant to FED. R.CRIM.P. 36 to reflect that Lopez–Alvarez pleaded guilty to attempted reentry of a deported alien.

AFFIRMED; MOTION FOR SUMMARY AFFIRMANCE GRANTED; REMANDED with instruction.

published and is not precedent except under the limited circumstances set forth in 5TH CIR.